DUNLAP, *in error, versus* ATKINSON.

When, from the usual course of proceeding in Court, the law allows a depart-
ure under a prescribed condition, an assignment of errors, based upon the
departure, must negative the performance of the condition.

*Proof* that the condition was not performed, will not aid the defective assign-
ment.

ERROR to reverse a judgment recovered in this Court by *At-
kinson* v. *Dunlap*, in a writ of review, in which the *ad dam-
num* was set at $80,00, instituted in the District Court, and
brought here upon exceptions.

The errors assigned were; first, that the writ of review was
not sued out and entered at the term of the District Court,
next after the review was granted, but was entered at the sec-
ond term thereafter; and second, that the action of review
was brought in the District Court, and was not appealable, and
no exceptions were ever "*filed and allowed*" in the case;
wherefore this Court had no jurisdiction to render the judg-
ment, now sought to be reversed.

It appeared by the record that leave to sue out the writ of
review was granted by the District Court, at its May term,
1847, and that the writ was not entered at the then next term
of that Court, held in October, 1847; but was entered at its
January term, 1848.

The record also shows, that when the verdict against Dun-
lap was rendered in that Court, he "*excepted*, and entered in-
to recognizance to prosecute his exceptions with effect," and
that in this Court the exceptions were overruled by his con-
sent.

*Webster*, for the plaintiff in error.

1. The statute required the writ of review to be entered at
the term next after it was granted, unless for special reasons,
leave was obtained to enter it at the second term; chap. 124,
sect. 5.

In this case no such leave was obtained, or asked. The re-
cord shows none; yet the entry was not made until the second
term.

Dunlap *v.* Atkinson.

For this error, the judgment is reversible. 5 Mass. 489 and 525; 7 Metc. 590; Co. Lit. 228, b.

Omission to enter till the second term was a discontinuance.

2. The action in the District Court was not appealable, its *ad damnum* being set at only eighty dollars. No appeal was attempted, neither were exceptions *filed and allowed.* The records show none. Exceptions are merely statutory remedies, and the statute must be strictly followed. Consent cannot give jurisdiction. A party may have error for want of jurisdiction in the Court, although it be taking advantage of his own wrong. *Jordan* v. *Dennis,* 7 Metc. 590; 6 Wend. 465; 2 Cranch, 126.

*Abbott* and *Foster,* for the defendant in error.

WELLS, J., orally. — The writ of review was not entered, until the second term after it was granted. But the statute authorizes that course under special conditions. The assignment of errors does not negative the existence of those conditions. The action may have been rightfully entered, and yet every allegation of the assignment may be true. Upon such an assignment, no reversal can be based. Proof, whether by the record or otherwise, cannot aid an assignment so defective.

The second assignment assumes that exceptions must be "*filed*" and allowed in the District Court. But it is not requisite to "*file*" exceptions. They are to be "*alleged,*" and when allowed are effectual to stay proceedings in that Court. The record shows that the plaintiff took exceptions, that they were allowed, and entered, and by his consent overruled in this Court. This was sufficient.

*The plaintiff in error, takes nothing by the writ.*